Hon. Joan B. Carey Formal Opinion Deputy Chief Administrative No. 2006-F3 Judge New York City Courts Office of Court Administration 25 Beaver Street New York, NY 10004
Dear Administrative Judge Carey:
Special Counsel to the Administrative Judge of the Civil Court of New York City has asked whether certain guardians ad litem who serve in the Civil Court's Housing Part's guardian ad litem program are entitled to defense and indemnification under Public Officers Law § 17. As explained below, we are of the opinion that the guardians ad litem are eligible for section 17 coverage as "volunteer[s] expressly authorized to participate in a state-sponsored volunteer program."
The Guardian ad Litem Program
We understand that since 2003, the Civil Court of the City of New York has operated a program within the Housing Part to maintain a pool of guardians ad litem to protect the interests of litigants whom the Court has deemed incapable of understanding the nature and consequences of a proceeding brought against them because of, e.g., mental illness or age.
An individual must apply to the Court to become a guardian ad litem. Applicants receive six hours of training conducted by staff of the Office of Court Administration, and subsequent training by Civil Court staff. Civil Court staff review the applications; the individuals selected to participate in the guardian ad litem program receive a letter so designating them from a member of the Court staff. Upon selection as a participant in the guardian ad litem program, the individual is added to a roster from which potential guardians ad litem are chosen as needed by Housing Part judges. When a judge indicates that a guardian ad litem is to be appointed for a litigant in a specific matter, Court staff provide the judge with two names from the roster; the judge makes the appointment from one of those names. The judge may discharge the guardian in the event that his or her work proves unsatisfactory or detrimental to the interests of his or her ward. Moreover, the Court may remove a guardian from the list of eligible appointees for conduct incompatible with appointment.
The guardians ad litem about whom you are inquiring receive no compensation for their services.
Analysis
Section 17 of the Public Officers Law provides that the State generally must provide for the defense and indemnification of its employees. Defense is provided in "any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged . . . to have occurred while the employee was acting within the scope of his public employment or duties." Public Officers Law § 17(2). Indemnification is in the amount of any judgment obtained against the employee in any state or federal court, or in the amount of any settlement of claim, if the act underlying the judgment or settlement occurred while the employee was acting within the scope of his public employment or duties and the injury or damage complained of was not the result of intentional wrongdoing by the employee. Id. § 17(3)(a). The provision of defense and indemnification is dependent on the public employee's compliance with certain specified procedural requirements. Id. § 17(4).
Under section 17, "employee" is defined as "any person holding a position by election, appointment or employment in the service of the state . . . whether or not compensated, or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but shall not include an independent contractor." Public Officers Law § 17(1)(a). We have been asked whether the guardians ad litem are volunteers participating in a state-sponsored volunteer program. We believe that they are.
We have previously evaluated whether particular programs constitute state-sponsored volunteer programs; factors relevant to our past inquiries have included whether the program was established and administered by a state agency, and whether the participants were appointed and directly supervised by state employees. See, e.g., Op. Att'y Gen. No. 2004-F3 (volunteer arbitrators and mediators); Op. Att'y Gen. No. 2000-F1 (participants in the Volunteer Lawyers Project of the Housing Court); Op. Att'y Gen. No. 92-F7 (attorneys serving as bar mediators and pro bono special counsel on behalf of the Supreme Court, Appellate Division, First Department).
Considering these same factors in relation to the subject of your inquiry, we are of the opinion that the guardians ad litem are participating in a state-sponsored volunteer program. The program is administered by the Civil Court and is overseen by Court staff, who are employees of the State, see Judiciary Law § 39(6). The guardians ad litem are selected and trained by Court staff, and the Court has the power to remove individuals from the list of those available to serve. We thus believe that the particular characteristics of this program indicate state sponsorship.
Because you have indicated that these guardians ad litem receive no compensation, and thus are clearly "volunteers," and that they receive a letter from Court staff indicating their selection to the guardian ad litem program, we are of the opinion that these guardians ad litem are eligible for state-provided defense and indemnification as "volunteer[s] expressly authorized to participate in a state-sponsored volunteer program" pursuant to Public Officers Law § 17.
Very truly yours,
ELIOT SPITZER Attorney General